## Pomeroy v. Bridge.

1. A judgment was recovered in 1858 when the debtor had, a year from the sale, to redeem his estate. In February, 1859, another law was passed by which the right to redeem was abolished, and its provisions made applicable to proceedings to enforce judgments already recovered. In October, 1859, an execution sale on the judgment was had. Held, that the debtor had a year from the sale to redeem, notwithstanding the act of 1859.

Pomeroy filed his creditor's bill against George Bridge, in the District Court for Douglas county, and James G. Mcgeath was therein appointed receiver of the rents and profits of certain premises. A considerable sum having accumulated in his hands, several parties applied to have the same paid to them. One of these parties was Charles Bridge. He had a mortgage upon the premises made to him by George Bridge before any of the judicial proceedings were had, to secure a sum greatly in excess of the value of the mortgaged premises. He had served the tenants with a notice, as follows:

"I claim the amount of rent now due, or to become due, from you for the rent of the premises now occupied by you in this city, and hereby notify you not to pay to any other person but myself or my agent."

He took no other steps toward obtaining possession.

Markham claimed the rent in the receiver's hands as purchaser of the premises at sheriff's sale. It appeared that, at the October term, 1858, Dowdall, Markham & Co. had judgment against George Bridge in the District Court for Douglas county. In September, 1859, execution was issued thereon and levied on these premises, which were sold by the sheriff on the twenty-fourth day of October following, to Markham. This sale was confirmed by the

court, and on the 5th day of November, 1859, the sheriff duly conveyed the property to him. He claimed to be entitled to all the rents which had accrued from that time.

George Bridge resisted this claim, because, as he insisted, he was entitled to the possession of the property for a year after the sale. He based his claim upon the following statutory provisions of the 3 Session Laws, 78 :

"Sec. 40. When real property has been levied upon, if the estate is less than a leasehold having two years of unexpired term, the sale is absolute. When the estate is of a larger amount the property is redeemable as hereinafter prescribed.

" Sec. 41. At the time of the sale the sheriff shall give to the purchaser a certificate containing a description of the property and the amount of money paid by such purchaser, and stating that unless redemption is made within one year thereafter according to law, he or his heirs or assigns will be entitled to a deed for the same.

" Sec. 42. The defendant may redeem such property at any time within one year from the day of sale, as hereinafter provided, and will, in the meantime, be entitled to the possession of the property.

" Sec. 49. If the defendant or his assignee fail to redeem, the sheriff must, at the end of the year, execute a deed to the person who is entitled to the certificate, as hereinbefore provided, or to his assignee. If the person so entitled be dead, the deed shall be made to his heirs, but the property will be subject to the payment of the debts of the deceased in the same manner as if required during his lifetime."

And Code of 1858, proviso to section 622, as follows : " Provided, that any and all rights which shall have attached, by virtue of the provisions contained in any of the chapters above repealed, under any cause of action accruing before the taking effect of this act, shall not be affected by said repeal."

POMEROY v. BRIDGE.

Markham sought to avoid these provisions by citing section 618 of the Code of 1858, which took effect on the first of February, 1859.

"The provisions of this Code do not apply to proceedings in actions, or suits pending when it takes effect. They shall be conducted to final judgment or decree in all respects as if it had not been adopted; but the provisions of this Code shall apply after a judgment or order heretofore or hereafter rendered to the proceedings to enforce, vacate, modify, or reverse it."

The question was whether Markham's title was to be governed by the one or the other of these provisions.

A decree was rendered awarding all the rents to Markham. George Bridge and Charles Bridge appealed to this court.

*A. J. Poppleton*, for appellants.

*J. M. Woolworth*, contra.

The court, by MILLER, J., held, that George Bridge was entitled to the rents and profits, down to the 24th of October, 1860, and that after that time the rents should remain in the receiver's hands to await the result of a foreclosure suit instituted by Charles Bridge. The statute which governs this case is that passed at the third session. By it, George Bridge had a right of redemption for one year from the time of the execution sale. This statute is not affected so far as these parties are concerned, by the subsequent one known as the Code of 1858.

Decree reversed.